R. C. POINDEXTER AND WIFE *v.* HENRY, GRANT & BUSH.

**Fraudulent Conveyances—Putting Property Beyond Reach of Creditors.**
> The pleadings and the evidence were held to show that a conveyance was made to put the property beyond the reach of the vendor's creditors.

APPEAL FROM CLARK CIRCUIT COURT.

January 28, 1873.

OPINION BY JUDGE PETERS:

An unmarried woman, Mrs. Poindexter, purchased the land which has given rise to this controversy, after which she agreed by parol as appears from the record, to let her brother, John L. Smith, have the one-half of it if he would pay one-half the purchase price, which he agreed, but failed to do.

In July, 1868, reciting in the deed that he in conjunction with his sister had purchased the land, and he having failed to pay his part of the purchase price to their vendors, but then owed $2,812.40, which had been paid by his sister and her husband, Richard Poindexter, and the price of the land having depreciated very much since their purchase, so that his interest therein was not worth more than the amount of the purchase money which he owed, in consideration thereof he conveyed all his interest in said land to his sister.

Mrs. Poindexter paid or undertook to pay for the land when she purchased it, ninety-five dollars and sixty cents per acre, and at the time Smith conveyed his interest to her, according to the decided preponderance of the evidence, it was worth $80 per acre, and there being a fraction over 86 acres, the depreciation on Smith's half would have amounted to $671, leaving the value of his half of the land at about $3,475, and although he had actually paid on it $530 of his own money, to say nothing of the $800 in addition, which is alleged to have been paid out of the rents of the place, the consideration recited in his deed is over six hundred dollars less than the value after taking off the depreciation, and then in addition thereto he loses the $530 which he had paid.

This great sacrifice is not satisfactorily accounted for; in the amended petition the appellees charge that the deed to appellants was a fraud on their rights, and the different versions given of the transaction in the original and amended answers, together with the fact that the consideration recited in the deed is considerably less than the value of the land at the time according to the weight of the evidence, conduce to the conclusion that the conveyance was made to protect the property from the payment of J. L. Smith's debts; and we therefore think the one-half the land was properly subjected to the payment of appellees' debt as it appears to be sufficient to pay that, in addition to the $2,812.40, the consideration recited in appellant's deed.

Wherefore the judgment is *affirmed*.

*Simpson, for appellant.*

*Eginton, for appellees.*

